**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 26-6576

LUKE D. PATTERSON,

Petitioner - Appellant,

v.

WARDEN R. BROWN,

Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:24-cv-00149-GMG-RWT)

Submitted:  July 16, 2026                                    Decided:  July 21, 2026

Before WILKINSON, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Luke D. Patterson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luke D. Patterson, a federal prisoner, appeals the district court's order denying his Fed. R. Civ. P. 60(b) motion for reconsideration of the district court's order adopting the recommendation of the magistrate judge and denying relief on Patterson's 28 U.S.C. § 2241 petition.[*] We review a district court's denial of a motion for reconsideration for abuse of discretion. *See Aikens*, 652 F.3d at 501. We have reviewed the record and conclude that the district court did not abuse its discretion in denying Patterson's Rule 60(b) motion. Accordingly, we affirm the district court's order. *Patterson v. Brown*, 3:24-cv-00149-GMG-RWT (N.D. W. Va. Apr. 22, 2026). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] This district court denied Patterson's § 2241 petition on February 13, 2026. The court considered Patterson's motion for reconsideration, filed on April 8, 2026, *see Houston v. Lack*, 487 U.S. 266, 276 (1988), as timely filed pursuant to Fed. R. Civ. P. 59(e). However, the district court was without authority to extend the period for filing a Rule 59(e) motion. *See* Fed. R. Civ. P. 6(b)(2). Accordingly, because Patterson filed his motion for reconsideration more than 28 days after entry of the court's judgment, the motion must be treated as one pursuant to Rule 60(b). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277-78 (4th Cir. 2008) (construing prior version of Rule 59(e) with 10-day time period). To the extent that Patterson attempts to appeal the underlying order, the appeal from the denial of a Rule 60(b) motion "does not bring up the underlying judgment for review." *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (internal quotation marks omitted).